AO 472 (Rev. 12/03) Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

CURTIS WITHERS
_____/

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-20195-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. As this Defendant faces a potential

mandatory life sentence, without parole, for alleged violations of the Controlled Substances Act, I agree that the presumption applies. Therefore, I am required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically powder cocaine, crack cocaine, and marijuana. I find that from the grand jury having passed an Indictment there is probable cause as to this Defendant.

As to the factors set forth in § 3142(g)(3), the Defendant is 36 years of age, and has resided in Southfield for the past 18 months. The Defendant share a residence with his girlfriend and their small child. The Defendant has been employed as a maintenance worker at a family-owned business for the past two years. Prior to this employment, he briefly worked at SynTech Temporary Service in Warren, Michigan.

Drug testing done at the time of the Defendant's processing by Pretrial Services was negative for any controlled substances.

In 1991, the Defendant was found guilty of Possession of Less Than 25 Grams of Cocaine in Detroit Recorders Court. He was sentenced to two years of probation, community service and costs. In February of 1995 the Defendant was charged in this Court with Violation of the Controlled Substances Act. After trial, he was convicted of Conspiracy to Distribute Cocaine and Cocaine Base, sentenced to 120 months in custody, 60 months of supervised release. The Defendant was released from custody in August of 2004, and is currently on supervised release.

While on supervised release, the Defendant was charged by the Troy Police Department with Possession of Controlled Substance - Marijuana and

Second/Subsequent Offense, a felony under Michigan law.  The Defendant pled guilty and was sentenced in September of 2006 to one year of probation.  Therefore, not only was the Defendant on federal supervised release, but also serving state probation at the time of the incidents alleged in this Indictment.

The report prepared by Pretrial Services indicates that while on federal and state supervision, the Defendant has failed to attend and complete substance abuse treatment as directed; failed to pay court ordered fees and costs; and has failed to comply with drug testing requirements.  There is also evidence of use of illegal controlled substances through positive drug testing, as well as violation of this Court's standard supervised release requirement that a defendant not be arrested or charged with any other offense while on federal supervised release.

The Defendant's criminal history and the information developed by Pretrial Services relating to the Defendant's failure to comply with both state and federal conditions of release conclusively demonstrate to me that there are no conditions, nor any possible combination of conditions, that would reasonably assure the safety of the community or the Defendant's appearance as required for further proceedings, particularly in light of the face that he faces a potential mandatory life sentence without parole.  Defense counsel argues that there are circumstances which should be considered as minimizing the potential for danger to the community.  That argument, however, overlooks the fact that at least six Circuit Courts of Appeal have held that continuing drug dealing, such as that charged in this Indictment, per se constitutes danger to the community under the Bail Reform Act.  *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir. 1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796, 798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806 F.2d

846 (8th Cir. 1986). Defense counsel suggests there are conditions for third party custodianship. However, I note that irrespective of how supportive the Defendant's family may be, they have thus far been unable to control the Defendant's behavior. For all these reasons, I find that the presumption in favor of detention has not been rebutted on the evidence. Even if it had, I conclude there are no conditions, nor any possible combination of conditions, that would reasonably assure the safety of the community or the Defendant's appearance for further proceedings in this case. Accordingly, the motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 20, 2007

s/ Charles E. Binder
CHARLES E. BINDER
United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and David Herrington, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: April 20, 2007            By      s/Jean L. Broucek
                                Case Manager to Magistrate Judge Binder